

GERALD C. MANN

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Honorable C.J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4451
Re: Is it possible to have
the Commissioners' Court
to designate an additional
bank to act as County Depos-
itory in order that all funds
mentioned herein may be ex-
pended by the issuance of one
check for the Hospital Com-
mittee for each separate ex-
penditure?

Your letter of February 19, 1942, requesting the opinion
of this department on the above stated question reads as follows:

"During the latter part of 1941 Nueces
County and the City of Corpus Christi voted
and issued $500,000.00 of Bonds each. This
amount was supplemented by a grant of $500,000.00
from the U.S. Government, the proceeds of which
were for the construction of a 250 bed hospital
to be owned and operated by Nueces County and the
City of Corpus Christi.

"Inasmuch as all construction work under
the supervision of the Government Engineers is
usually handled by one agency, the problem con-
fronting Nueces County, at this time, is that
of placing of funds on deposit with some other
bank than the regular County depository. Would
it be possible to designate another bank as an
additional depository for the County in which
bank there could be deposited a County's pro-
ceeds from the sale of bonds, namely: $500,000.00.

If this could be done it would expedite the handling of the funds in that a Hospital Committee appointed and given full authority by the City of Corpus Christi and the Commissioners' Court of Nueces County, Texas. The approval of the monthly estimates would, of course, be passed on by the County Auditor's office and the Treasurer's office, so, even though the actual check might be issued for the expenditures, would not have shown thereon the signature of the County Auditor or the County Treasurer, yet at the same time both of the above mentioned parties would have knowledge of the fact through the checking of the estimates presented for payment.

"In connection with the foregoing, I have pleasure in enclosing herewith a certified copy of Resolution passed by the Commissioners' Court of Nueces County on February 19, 1941, vesting in the Hospital Committee all power legally possible for said committee to have direct control of said construction, operation and maintenance of said hospital.

"We would therefore, be pleased to have you advise us whether or not it is possible to have the Court designate an additional bank to act as County Depository in order that all funds may be expended by the issuance of one check by the Hospital Committee for each separate expenditure."

The procedure for the selection of a County Depository is described in Vernon's Annotated Civil Statutes, namely, Articles 2544-2558. These statutes also pertain to the application, selection, designation, and qualification of county depositories.

Article 2544, Vernon's Annotated Civil Statutes, expressly authorizes and requires the commissioners' court of each county, at the February Regular Term thereof next following each general election to enter into a contract with any banking corporation, association or individual banker of such county for the depositing of public funds of such county in such bank or banks.

Article 2555, Vernon's Annotated Civil Statutes, provides that "if for any reason, no selection of a depository may be made at the time provided by law, the commissioners' court may, at any subsequent time after twenty days notice select a depository or depositories in the manner provided for such selection at the regular term; and the

depository or depositories so selected shall remain the depository or depositories until the next regular term for selecting the depository, unless the order selecting and naming such depository be revoked for lawful reasons."

Article 2558 provides, in effect, if there be no bank or banks situated in the county that seeks to be designated as county depository, then and in that event the commissioners' court shall be authorized to advertise for application from banks in adjoining counties or any other counties in this State in the manner provided by law of this State with reference to advertising in the counties desiring such depositories.

This department heretofore has held in Opinion No. O-3832 that the commissioners' court has the legal authority. at the proper time designated by statutes, to designate as many banks in the county as they think proper as depositories, and to keep the county money in each of the banks so designated, when said banks are qualified as county depository under the above mentioned statutes. We enclose a copy of this opinion for your information.

The withdrawal of funds from the depositories is regulated by the statutes. (Articles 2552-2553 and 2554, Vernon's Annotated Civil Statutes). Money deposited in county depositories may be paid to treasurers entitled to receive the same. When any warrant drawn by the proper authorities is presented to the county treasurer the warrant should be endorsed by the county treasurer as prescribed by Article 2554, Vernon's Annotated Civil Statutes, and delivered to the payee and the payee should present the warrant to the depository for payment. In connection with the foregoing we call your attention to our Opinion No. O-4462, a copy of which is enclosed herewith.

Apparently the main question to be determined in your inquiry, is whether or not the commissioners' court is authorized to empower or authorize the Hospital Committee to issue checks against the county depository drawn upon the funds above mentioned for certain expenditures in connection with the construction of the above mentioned hospital.

After a careful search of the statutes, we have failed to find any statute expressly or by implication authorizing such procedure. Therefore, we respectfully answer the above stated question in the negative. It is our further opinion that withdrawals of funds from county depositories must be in compliance with Article 2552, 2553, and 2554.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED APR 22, 1942
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

AW:LM:bk   ENCLOSURES

APPROVED OPINION
COMMITTEE
By /s/ BWB, CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Assistant